UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH HEIDEBUR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  4:02CV705 RWS |
| ) | (TIA) |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This cause is before the Court on Missouri state prisoner Joseph Heidebur's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On March 29, 1996, Petitioner was convicted by a jury in the Circuit Court of Madison County, Missouri, of sodomy. (Resp. Exhs. A at 37 and F; State v. Heidebur, 946 S.W.2d 273 (Mo. Ct. App. 1997)). On May 2, 1996, the trial court orally sentenced Petitioner in accordance with the jury's assessment to a prison term of five years without delineating if Petitioner's sentence would be consecutive to any sentence he was currently serving. (Resp. Exh. A at 37, 40 ). When entering the written sentence and judgment accurately reflecting the oral pronouncement of sentence, the trial court failed to address whether that sentence would be consecutive or concurrent to any sentence Petitioner was currently serving. (Resp. Exh. A at 40). Petitioner appealed the judgment, and on June 3, 1997, Petitioner's conviction and sentence were affirmed on direct appeal by the Missouri Court of Appeals. (Resp. Exhs. F and G; Heidebur, 946 S.W.2d 273). The Court of Appeals issued the mandate on July 2, 1997. (Resp. Exh. H). On July 30, 1997, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15.

(Resp. Exh. I at 43-48). On October 22, 1997, Petitioner filed a First Amended Motion to Correct Judgment and Sentence under Missouri Supreme Court Rule 29.15. (Resp. Exh. I at 33-36). On December 4, 1997, the post-conviction relief court heard argument on the motion and entered a judgment amending Petitioner's sentence to be served consecutively to his federal sentence. (Resp. Exh. I at 32). On January 2, 1998, Petitioner filed an Amended Motion to Set Aside Court's Order of December 4, 1997, contending that the motion court's order was null and void inasmuch as Petitioner had not yet been sentenced in his federal case. (Resp. Exh. I at 10-21). In particular, Petitioner argued that the motion court clearly erred in amending his sentence to reflect that it be served consecutively to his federal sentence, because the court was without jurisdiction to enter a written judgment and sentence that differed from the oral pronouncement of sentence. On October 20, 1998, the Missouri Court of Appeals reversed the amended judgment dated December 4, 1997, and reinstated the prior written sentence of May 2, 1996. (Resp. Exh.'s L; State v. Heidebur, 980 S.W.2d 138, 140 (Mo. Ct. App. 1998)). The Court of Appeals issued the mandate on December 17, 1998. (Resp. Exh. M). On December 28, 2001, Petitioner filed a Petition for Writ of Mandamus. (Docket #10). On March 11, 2002, Petitioner filed a Writ of Habeas Corpus, and the Missouri Court of Appeals denied the writ on March 18, 2002. (Docket # 10). In a letter dated April 17, 2002, the Clerk of the Court of the Missouri Court of Appeals apprised Petitioner that Cases ED73763 (Post Conviction Appeal) and ED 80886 (Writ of Habeas Corpus) were closed, and nothing was pending in either case. (Docket #10). Petitioner pursued no other action in state court.

Petitioner is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri, pursuant to the sentence and judgment of the Circuit Court of Madison County. In the instant petition for writ of habeas corpus, Petitioner raises two grounds for relief:

> (1) That the trial court erred by initially sentencing him without specifying if the sentence would be served concurrently or consecutively to a non-existent sentence; and
>
> (2) That he is being held in custody past the expiration of his sentence.

In response to this Court's Order to Show Cause, Respondent requests the Court to dismiss the instant petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition.

On June 10, 2002, this Court received the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by Petitioner's application to proceed in forma pauperis ("IFP"). The petition and application bear Petitioner's signature dated June 10, 2002. On June 14, 2002, Petitioner's application to proceed IFP was granted and the petition was filed that same date. Respondent was thereafter ordered to show cause why the claim for relief as set out in Petitioner's petition should not be granted. In response, Respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition for writ of habeas corpus.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. 2254. For purposes of the statute, the state judgment is final upon "the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition [for writ of certiorari]." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002) (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). In the circumstances of the current case, the Court of Appeals issued the

mandate on December 17, 1998. (Resp. Exh. M). As such, under § 2244(d)(A), Petitioner had no later than March 17, 1999, by which to file an application for writ of habeas corpus in federal court under 28 U.S.C. § 2244. Petitioner's Petition for Writ of Mandamus was filed on December 28, 2001, and Writ of Habeas Corpus was filed on March 11, 2002, and both were filed outside the one-year statute of limitation time period and denied no later than April 17, 2002. Petitioner did not submit the instant petition for writ of habeas corpus until June 10, 2002,[1] over three years after Petitioner's conviction became final. Thus, Petitioner missed the one-year deadline for filing a habeas petition.

Time during which a properly filed application for post-conviction or other collateral review is pending in state court is excluded from the one-year limitations period. 28 U.S.C. § 2244(d)(2). Petitioner's Petition for Writ of Mandamus was filed on December 28, 2001, and Writ of Habeas Corpus was filed on March 11, 2002, and denied no later than April 17, 2002. The filing of a state habeas corpus petition by Petitioner would not toll the one-year statute of limitations inasmuch as the state habeas petition would not have been pending while the one-year limitations period in § 2244(d)(1) ran. See Gray v. Gammon, 283 F.3d 917 (8th Cir. 2002) (the Eighth Circuit Court of Appeals declined to decide whether a pending Rule 91 proceeding qualifies as "other collateral review" because Petitioner's Rule 91 petition was not pending during the running of the one-year limitations period in § 2244(d)(1)). Inasmuch as Petitioner did not file the instant petition for writ

---

[1] The "prison mailbox rule" provides for habeas petitions to be effectively filed the date upon which the petition is delivered to prison authorities for mailing to the clerk of the court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc). Absent evidence to the contrary, the date upon which Petitioner signed the petition is sufficient indicia of the date upon which Petitioner delivered the petition to prison authorities. See United States v. Duke, 50 F.3d 571, 575 (8th Cir. 1995) (relying on signed certificates of service with typewritten dates), cited approvingly in McCarter v. Bowersox, 187 F.3d 642 (8th Cir. 1999) (per curiam) (table).

of habeas corpus until June 10, 2002, the petition is untimely filed and should be dismissed. 28 U.S.C. § 2244(d)(1). Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Petitioner Joseph L. Heidebur's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed June 10, 2002/Docket No. 6) be dismissed without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in a waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 6th day of January, 2006.

             /s/ Terry I. Adelman
             UNITED STATES MAGISTRATE JUDGE